UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/1/21__

DANIEL GARCIA,

               Plaintiff,

      -against-

THOMAS, et al.

               Defendants.

21-CV-636 (GBD) (BCM)

**ORDER REGARDING GENERAL
PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for report and recommendation on dispositive motions, if any, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). All pretrial motions and applications, including those related to scheduling and discovery, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases and Emergency Individual Practices in Civil Cases, attached to this order and available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses. Parties and counsel are cautioned:

1.     Once a discovery schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2.     Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3.     For motions other than discovery motions, pre-motion conferences are not

required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4.     Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5.     In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are not required during the pendency of the COVID-19 national emergency.

6.     Plaintiff is hereby notified that, until further notice, pro se parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

   a.   **Drop off** the document in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

   b.   **Mail** the documents to the Pro Se Intake Unit in Room 105 in the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

   c.   **Email** the documents to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at nysd.uscourts.gov/forms/instructions-filing-documents-email.

The Pro Se Intake Unit (telephone 212-805-0175) may be of assistance to pro se litigants in connection with court procedures.

**PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**

<u>**Conferences and Hearings**</u>. **All court conferences and hearings will be conducted by teleconference. Please treat the teleconference as you would treat a public court appearance.  If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.**

<u>**Remote Depositions**</u>. **Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

Dated: New York, New York
      April 1, 2021                **SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

February 3, 2020

### INDIVIDUAL PRACTICES OF
### MAGISTRATE JUDGE BARBARA MOSES

**Chambers**
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007
Telephone: (212) 805-0228

**Courtroom**
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
Courtroom Deputy: Kevin Snell

Civil cases come before magistrate judges in two ways: (i) for one or more specific purposes, pursuant to an order of reference by the assigned district judge, or (ii) for all purposes, on consent of the parties, pursuant to 28 U.S.C. § 636(c). When a district judge approves an all-purposes consent form signed by counsel, the magistrate judge assumes the role of the district judge. The right to a jury trial is preserved and any appeal is directly to the Court of Appeals.

It is the uniform practice of the magistrate judges in the Southern District of New York to schedule civil trials for firm dates, rather than using a trailing trial calendar or requiring counsel to be available for trial on short notice. Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials. Should the parties wish to have Judge Moses hear their case for all purposes, the necessary form is available at: http://nysd.uscourts.gov/judge/Moses.

Unless otherwise ordered by Judge Moses, the following practices are applicable to all civil matters conducted before her:

1.      **Communications with Chambers**

      a.      **Letters.** Except as otherwise provided below, communications with the Court should be by letter.

      b.      **Letter-Motions.** Letter-motions, as permitted by Local Civil Rule 7.1(d) and § 13.1 of the Electronic Case Filing Rules & Instructions, should be filed via ECF using the "letter-motion" option, listed under "motion." In particular, parties should file as letter-motions all requests for pre-motion conferences, adjournments, extensions, excess pages, oral argument, and settlement conferences. Requests for other types of non-dispositive relief listed in § 13.1 may also be made by letter-motion.

      c.      Letters that are informational in nature and do not request relief (for example, status updates) should be filed on ECF, when requested by the Court, using the "letter" option, listed under "other documents."

      d.      **Page Limits; Courtesy Copies; Service.** Absent advance permission from the Court, letters and letter-motions may not exceed four pages in length, exclusive

of attachments, which should be kept to a minimum. Please do not try to cheat the page limit by splitting a request for relief into two separate four-page letters. If a letter or letter-motion includes attachments (regardless of number or length), a courtesy copy marked as such must be delivered to chambers by mail, overnight courier, or hand delivery. The courtesy copy should bear the ECF header generated at the time of electronic filing and include protruding tabs for the attachments. In *pro se* cases, letters and letter-motions filed via ECF must also be served on the *pro se* party. Counsel shall indicate the mode of service in the letter to the Court and shall also file a proof of service via ECF.

e. ***Ex Parte* Settlement Letters.** *Ex parte* settlement letters should be emailed to the Court's chambers email address. The parties may contact chambers by telephone to request that email address.

f. **Hand Delivery.** Hand deliveries should be left with a Court Security Officer at the Worth Street entrance of the Daniel Patrick Moynihan Courthouse. If the matter requires the Court's immediate attention, ask the Court Security Officer to notify chambers that an urgent delivery has arrived.

g. **Letters or Emails between Parties.** Copies of correspondence between the parties or their counsel shall not be sent to chambers or filed on ECF except as exhibits to otherwise properly-filed documents.

h. **Telephone Calls.** For scheduling and calendar matters, or to request permission to submit letters by fax or email, counsel may call chambers at 212-805-0228. Otherwise, telephone calls are permitted only for urgent matters requiring immediate attention.

2. **Motions**

a. **Requests for Adjournments or Extensions.** Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made by letter-motion, after consultation with all affected parties, and must state: (1) the original date of the conference or proceeding; (2) the number of previous requests for adjournment or extension; (3) whether those requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent; and (6) if not, the reasons given for refusing. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

All requests for extension of a deadline must be made in advance of the deadline to be extended. Absent unforeseeable emergencies, all requests for adjournment of a court conference or other court proceeding (including a telephonic court conference), must be made at least four days in advance of the proceeding to be adjourned, and must include at least two proposed dates, on which all counsel are available, for the adjourned proceeding.

    **b.**    **Discovery Motions.** No discovery dispute will be heard unless the moving party (including a non-party seeking relief from a subpoena) has first conferred in good faith with the adverse party or parties, in person or by telephone, in an attempt to resolve the dispute. An exchange of letters or email alone does not satisfy this requirement. Counsel must respond promptly and in good faith to a request from another party to meet and confer in accordance with this paragraph.

        If the parties have met and conferred but cannot resolve their dispute, the moving party must request a pre-motion discovery conference with the Court, by letter-motion, as required by Local Civil Rule 37.2. The letter-motion must succinctly set forth the basis of the dispute and the relief sought, certify that the required in-person or telephonic conference took place in accordance with this paragraph, and state: (1) the date, time, and duration of the parties' conference; (2) the names of the counsel who participated; and (3) the position of any relevant adverse party as to each contested issue. None of these requirements may be satisfied by attaching copies of correspondence between counsel. In addition, the letter-motion must quote or set forth verbatim each discovery request and response in contention in accordance with Local Civil Rules 37.1 and 5.1. This requirement may be satisfied by attaching the relevant request(s) and response(s) to the letter-motion.

    **c.**    **Summary Judgment Motions.** Strict compliance with Fed. R. Civ. P. 56(c) and Local Rule 56.1 is required. The moving party shall provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts pursuant to Local Civil Rule 56.1. An opposing party shall reproduce each paragraph of the moving party's Statement of Material Facts, with the opposing party's response directly beneath. As required by Local Civil Rule 56.1(d), each statement of undisputed material fact and response thereto shall be followed by a citation to the specific evidentiary material that supports the statement or response, *e.g.*, "Smith Deposition Tr. 3:15-4:20," or "Jones Interrog. Resp. No. 18." General references to a "transcript," "interrogatory responses," or the like are inadequate. Similarly, the parties are to append to their motion papers the specific evidentiary material upon which they rely and no more. If a party wishes to submit entire deposition transcripts, that party must (i) highlight the portions cited in their Statement of Material Facts or response, and (ii) tab the relevant pages in the courtesy copies submitted pursuant to § 2(g) below.

    **d.**    **Pre-Motion Conferences.** For motions other than discovery motions, pre-motion conferences are not required, but may be requested by letter-motion where counsel believe that an informal conference with the Court may obviate the need for the motion or reduce the issues in dispute.

    **e.**    **Briefing Schedule on Letter-Motions.** Unless the Court has ordered otherwise or the parties have agreed to a different briefing schedule, any opposition to a letter-motion shall be filed within three court days of the moving letter, and any reply shall be filed within two court days of the opposition. If the parties have agreed to a different briefing schedule, they must so inform the Court, either in

the moving letter or as soon as agreement is reached. If the letter-motion requests emergent or expedited relief, opposing counsel are advised to file any opposition as promptly as possible.

**f.**     **Briefing Schedule on Formal Motions.**  Unless the Court has ordered otherwise or the parties have agreed to a different briefing schedule, opposition and reply papers with respect to formal motions will be due in accordance with Local Civil Rule 6.1. The parties are strongly encouraged to agree on a reasonable briefing schedule before the moving papers are filed. If the parties have agreed to such a schedule, they must so inform the Court, either in the moving party's notice of motion or by letter as soon as agreement is reached. Should the parties thereafter agree to modify their briefing schedule, they must promptly inform the Court of the new schedule by letter.

**g.**     **Courtesy Copies.** Courtesy copies of all formal motion papers, marked as such, must be delivered to chambers promptly after filing. Courtesy copies should bear the ECF header generated at the time of electronic filing and include protruding tabs for any exhibits. Bulky materials should be neatly bound, or placed in 3-ring binders, with appropriate dividers.

**h.**     **Memoranda of Law.**  Unless advance permission has been granted, principal memoranda of law are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda exceeding 10 pages must include a table of contents and a table of authorities, neither of which shall count against the page limit. The Court expects parties to adhere strictly to the typeface, margin and spacing requirements of Local Civil Rule 11.1(b).

**i.**     **Oral Argument on Motions.**  Parties may request oral argument at the time their motion papers are filed.  The Court will determine whether to hear argument and will advise the parties of the argument date and time.

**3.**     **Requests to File Materials under Seal.** Filing under seal requires permission of the Court, which may be sought via letter-motion. Letter-motions for approval of sealed or redacted filings in civil and miscellaneous cases **_and_** the document(s) as to which sealing is requested must be filed electronically through the Court's ECF system in conformity with the Court's standing order, No. 19-mc-00583, and ECF Rules & Instructions, section 6.

The letter-motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal, and should **_not_** include any of the confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The document(s) as to which sealing is requested must be contemporaneously filed under seal in the ECF system and electronically related to the letter-motion. The

summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the letter-motion seeks approval to redact information from a document that is otherwise to be publicly filed, the filing party shall: (a) publicly file the document in the proposed redacted form, and (b) electronically file under seal a copy of the unredacted document, with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any sealing or redaction of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing or redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The parties are cautioned that the designation of documents as "confidential" for discovery purposes does not, without more, justify a sealing or redaction order. If a sealing or redaction request is based on another party's designation of documents or information as "confidential," or if any party opposes the sealing or redaction request, that other party shall respond to the requesting party's letter-motion via ECF on the schedule set forth above in § 2(e).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three court days, a letter explaining the need to seal or redact the materials.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, even under seal, must move for leave of the Court to submit the documents for sealing in the traditional manner, on paper.

Notwithstanding the foregoing, no leave is required to redact all but the last four digits of an individual's social-security number or taxpayer-identification number, the day and month of an individual's birth, the name of an individual known to be a minor, or all but the last four digits of a financial-account number, consistent with Fed. R. Civ. P. 5.2.

4.   **Pretrial Procedures**

   a.   **Applicability.** The procedures set out below apply only to cases in which the parties have consented pursuant to 28 U.S.C. § 636(c) to have all proceedings before Judge Moses, including trial.

   b.   **Joint Pretrial Order.** Unless the Court has ordered otherwise, the parties shall submit to the Court for its approval a Joint Pretrial Order within 30 days after the date for the completion of discovery, or, if a summary judgment motion has been filed, within 30 days after the decision on the motion. The proposed Joint Pretrial Order shall be signed by all parties and include the following:

5

i.      The full caption of the action.

ii.     The names and addresses of trial counsel, together with their office and cellular telephone numbers, fax  numbers, and email addresses.

iii.    A brief statement by plaintiff as to the basis of subject matter  jurisdiction, and a brief statement by each other party as to the presence or  absence of subject matter jurisdiction, including citations to  all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv.     A brief summary by each party of the claims and defenses that party  has asserted which remain to be tried, including citations to all statutes relied on but without recital of evidentiary matter.

v.      With respect to each claim remaining to be tried, a brief statement listing each element or category of damages sought with respect to that claim and a calculation of the amount of damages sought with respect to such element or category.

vi.     A statement by each party as to whether the case is to be tried with or without a jury, and the estimated number of trial days needed.

vii.    All stipulations or agreed statements of fact or law.

viii.   A list by each party of the witnesses whose testimony is to  be offered in that party's case in chief, indicating whether each witness will testify in person, via affidavit (in bench trials), or by deposition, and briefly stating the topic(s) on which the witness will testify. Absent extraordinary circumstances a party may not call as a witness in its case in chief any person not listed in the Joint Pretrial Order.

ix.     A designation by each party of deposition testimony to be offered in  that party's case in chief, together with any cross-designations or objections by any other party. For each designation as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any cross-designation or objection not made will be deemed waived. Absent extraordinary circumstances a party may not offer in its case in chief any deposition testimony not listed in the Joint Pretrial Order.

x.      A list by each party of exhibits to be offered in its case in chief. Each exhibit shall be pre-marked (plaintiff to use numbers, defendant to use letters). For each exhibit as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. Absent extraordinary circumstances, a party may not offer in its case in chief any exhibit not listed in the Joint Pretrial Order.

    **c.**    **Filings Prior to Trial.**  Unless otherwise ordered by the Court,  each party shall file, 15 days before the date of commencement of trial (or 30 days after the filing of the final pretrial order if no  trial date has been fixed):

        i.    In jury cases: proposed *voir dire* questions, requests to charge, and a proposed verdict sheet.

        ii.    In nonjury cases: a statement of the elements of each claim or defense involving such party, together with a summary of the facts that will be relied upon to establish  each element. If the parties believe it would be useful they may also file pretrial memoranda, limited to 25 pages.

        iii.    In all cases: motions addressing any evidentiary or other issues which should be resolved *in limine*.

    **d.**    **Marking Exhibits for Trial.**  Three court days before the date set for the final pretrial conference, each party must provide each other party, and the Court, with a tabbed binder or binders containing copies of its trial exhibits and deposition designations.

5.      **Pro Se Parties**

    **a.**      All letters, motions, memoranda, and other communications to the Court from pro se parties that are not filed electronically (see below) must be submitted to the Pro Se Intake Unit, *not directly to chambers*.

    **b.**      Non-incarcerated pro se parties who have an email address and wish to *receive* case-related documents (including court orders) quickly, automatically, and electronically, may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, available from the Pro Se Intake Unit or at: http://nysd.uscourts.gov/forms.php.

    **c.**      Non-incarcerated pro se parties who have an email address and wish to *receive, serve, and file* case-related documents electronically may request permission to do so by filing a Motion for Permission for Electronic Case Filing, available from the Pro Se Intake Unit or at:  http://nysd.uscourts.gov/forms.php.

    **d.**      Each pro se party must provide the Court and opposing parties with his or her address, telephone number, and email address, and must promptly update the Court and opposing parties if that information changes, using the Notice of Change of Address form, available from the Pro Se Intake Unit or at: http://nysd.uscourts.gov/forms.php.

    **e.**      There is a free legal clinic, called the NYLAG Legal Clinic for Pro Se Litigants, that assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.  The clinic is located in the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, but it is not part of or run by the Court. To make an appointment for a consultation, a pro se party may call (212) 659-6190 or stop by the clinic during office hours (generally from 10:00 a.m. to 4:00 p.m. Monday-Friday, except for federal and court holidays). Please note that a government-issued photo ID is required to enter the building.

April 6, 2020

**EMERGENCY INDIVIDUAL PRACTICES OF
MAGISTRATE JUDGE BARBARA MOSES IN CIVIL CASES**

**Chambers**
Telephone: (212) 805-0228
Email: Moses_NYSDChambers@nysd.uscourts.gov
Dedicated AT&T Conference Line: 888-557-8511
Access Code: 7746387

Unless otherwise ordered by the Court, these Emergency Individual Practices (the Emergency Practices) apply to *all* civil matters before Judge Moses for the duration of the COVID-19 national health emergency, and supplement Judge Moses's standard Individual Practices, last revised February 3, 2020. If there is a conflict between the Emergency Rules and Judge Moses's standard Individual Practices, the Emergency Rules control.

1.      **Communications with Chambers**

      a.      **Letters.** To the extent possible, communications with the Court should be by letter, filed on ECF. Letters filed on ECF will be received and reviewed by Judge Moses and/or her staff more quickly than other methods of communication.

      **b.**      **Chambers Email**. *Ex parte* settlement letters should be emailed to the Court's chambers email address, listed above. Counseled parties may submit other documents to the Court's chambers email address (with service upon all relevant parties) *only* if counsel is wholly unable to file the document on ECF. Counsel are reminded that letter-motions for approval of sealed or redacted filings in civil and miscellaneous cases – *and* the document(s) as to which sealing is requested – may and should be filed electronically through the Court's ECF system in conformity with the Court's standing order, No. 19-mc-00583, and the Southern District of New York ECF Rules & Instructions, § 6. **Pro se parties may submit documents via email by following the instructions in § 3 below.**

      c.      **Mail.** In the event that a party or counsel is unable to submit a document electronically – either by ECF or email – the document may be mailed to the Court. However, this means of delivery should be avoided to the extent practicable, as delivery and processing of mail to the Court is likely to be delayed.

      d.      **Hand Deliveries**.  Hand deliveries to Chambers are not permitted absent advance permission from the Court. For the duration of the emergency, no courtesy copies are required or will be accepted.

      e.      **Telephone Calls.** Calls to chambers will not be answered, but callers may leave voicemail messages, which will be received and reviewed by Judge Moses's

courtroom deputy and forwarded to the appropriate member(s) of chambers staff. If leaving a voicemail, please clearly (i) state and spell your name; (ii) leave a call-back number; (iii) briefly describe the subject of the call; and, if calling regarding a case (iv) state the name and docket number of the case; and (v) whether you are a party, an attorney for a party, or a non-party. Callers are cautioned that there may be delays in responding to telephone messages. No applications for relief, substantive or procedural, may be made by telephone. All such applications must be made in writing.

2.   **Conferences and Hearings**

a.   **AT&T Teleconferencing**. Unless otherwise ordered by the Court, all conferences, hearings, and proceedings in civil cases will be held by telephone, using the teleconferencing number and access code above, and will be recorded. If the parties require that a live court reporter be on the teleconference, they must so request in advance. **Please treat the teleconference line as you would treat the courtroom: if another proceeding is ongoing when you dial in, please be silent (mute your line) until your case is called**.

b.   **Teleconferencing Protocol.** When on a teleconference with the Court, please follow these guidelines in order to avoid confusion and create a clear record:

i.   Use a landline whenever possible, and speak via a handset or headset, *not* speakerphone. Avoid voice-activated systems. They don't allow the speaker to know when someone else is trying to speak, and they cut off the beginning of words.

ii.   Identify yourself *each* time you speak, and spell proper names.

iii.   Be mindful that, unlike in a courtroom setting, interrupting can render both speakers unintelligible.

iv.   *Mute* your line when not speaking to eliminate background noise. Otherwise, we will all listen to the dog barking, the kids playing, sirens passing, papers shuffling, emails pinging, etc.

v.   If you expect a court reporter to be on the line, ask the judge to confirm that the reporter is present and can hear all participants.

vi.   If you hear beeps or musical chimes, that means someone has either joined or left the conference. Ask the judge to clarify that the court reporter has not lost the line.

c.   **Settlement Conferences**. Unless otherwise ordered by the Court, settlement conferences will also be held by teleconference. When the parties complete their pre-conference submissions, they will be provided a security code (in addition to the access code above) to ensure that the settlement conference remains confidential. During the conference, the Court will be able to caucus separately

with each side and their counsel. If the parties wish to conduct their settlement conference via videoconference, they must seek Court permission in advance, identify the teleconferencing facility they propose, and be prepared to satisfy the Court's staff that the facility is suitable for the purpose.

**3.    Pro Se Parties**

a.    **Filing by Mail or Email**. During the COVID-19 public health emergency, pro se litigants who do *not* have permission to file case-related documents electronically through the Court's Electronic Case Filing (ECF) system (*see* § 3(c) below) may either mail their paper documents to the Pro Se Intake Unit, 500 Pearl Street, Room 200, New York, NY 10007, or submit them via email to the following address: Temporary_Pro_Se_Filing@nysd.uscourts.gov. **If a pro se party wishes to submit a filing by email, he or she must follow these procedures**:

   i.    Documents to be filed must be **submitted as PDF documents,** not exceeding a size of 10 megabytes, **and must be attached to the email.**

   ii.    The PDF filing **must be signed by the filing party by either** (a) signing by hand and then scanning the document; (b) signing electronically using a digital signature; or (c) by typing "s/Filer's Name."

   iii.    Emails attaching PDF documents for filing must be sent to the email address Temporary_Pro_Se_Filing@nysd.uscourts.gov.

   iv.    **Both** the email **and** the attached documents submitted for filing **must contain the filer's name, address, and telephone number,** where available.

   v.    **The subject line of the email must read:** "PRO SE FILING – [Case Number]."

   vi.    This email address is solely for submitting attached PDF documents for filing. **Only the attachment(s) submitted as PDF documents will be filed; any additional correspondence, comments, questions, or other messages in the email will be disregarded.**

   vii.    A document submitted for filing by email does not have to be delivered to the court in hard copy form.

b.    **Consent to Electronic Service.** Pro se parties are also encouraged to consent to electronic service of Court filings. Pro se parties who have an email address and wish to *receive* case-related documents (including court orders) quickly, automatically, and electronically, may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, available from the Pro Se Intake Unit or at: http://nysd.uscourts.gov/forms.php.

c.   **Electronic Case Filing (ECF)**. Pro se parties who have an email address and wish to *receive, serve, and file* case-related documents electronically through the Court's ECF system may request permission to do so by filing a Motion for Permission for Electronic Case Filing, available from the Pro Se Intake Unit or at:  http://nysd.uscourts.gov/forms.php.

d.   **Questions.** Any questions should be directed to the Pro Se Intake Unit at (212) 805-0175.

e.   **Pro Se Legal Clinic.** The NYLAG Legal Clinic for Pro Se Litigants, which assists pro se litigants with federal civil cases, is operating via telephone appointments only. A pro se party requesting an appointment should call (212) 659-6190 and follow the instructions provided.