

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/18/2022

**GEORGIA M. PESTANA**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**MARY K. SHERWOOD**
*Assistant Corporation Counsel*
macampbe@law.nyc.gov
Phone: (212) 356-2425
Fax: (212) 356-1148

December 28, 2021

**By ECF**
Honorable Barbara C. Moses
United States District Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re:   *Daniel Garcia v. C.O. Thomas, et. al.*, No. 21 Civ. 636 (GBD) (BCM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and an attorney representing defendants Correction Officer Thomas, Correction Officer Joseph, Captain Guerra, and Assistant Ward Deputy Blatz in the above-referenced matter. In that capacity, I write to respectfully request that the Court compel plaintiff to provide executed medical releases, warn plaintiff that this action can be dismissed for failure to prosecute, and order plaintiff to indicate an intention to litigate this case by January 14, 2022.

By way of background, plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on January 21, 2021. ECF No. 1. Defendants answered the Complaint on July 26, 2021. ECF No. 24. In the Complaint, plaintiff alleges that on December 27, 2020 plaintiff attempted to hang himself because he "felt alone and needed . . . to express [himself]." ECF No. 1, at 4. According to the Complaint, Officer Beethoven saw plaintiff with the string around his neck and did not help. ECF No. 1, at 4. Plaintiff alleges that when he could no longer breathe, Correction Officer Thomas shoved his fist into plaintiff's back. ECF No. 1, at 4. Plaintiff alleges Captain Guerra told plaintiff to "do it again" as he escorted plaintiff to the clinic. ECF 1, at 4. Plaintiff claims that the defendant Correction Officers failed to protect him and provide him medical care, violated his First Amendment right to free speech, and caused him mental anguish. ECF 1, at 4. The Court entered a Scheduling Order on September 10, 2021 and modified it on November 4, 2021. ECF No. 25; ECF No. 33. The Court ordered fact discovery and any deposition of fact witnesses to be completed by March 1, 2022. ECF No. 25; ECF No. 33.

In order to conduct discovery, this Office sent plaintiff three medical release forms on September 13, 2021, October 6, 2021, and November 30, 2021. To date, Plaintiff has not returned the executed releases, thereby thwarting discovery. Since this Office has neither received releases nor had any communication from plaintiff, the undersigned scheduled telephone meeting with

plaintiff for December 17, 2021 to discuss obtaining the medical releases. But on that date, the DOC notified the undersigned that plaintiff Daniel Garcia was released on his own recognizance on December 7, 2021.[1] Therefore, to date, defendants have been unable to obtain the executed releases from plaintiff.

Aside from the issues with plaintiff's medical releases, plaintiff has failed to update the Civil Docket Sheet with his address. "[D]ismissal may be warranted where a pro se plaintiff 'has not even fulfilled his minimal obligation to keep the pro se office of this Court informed of his change of address.'" *Cuffee v. Gonzalez*, No. 15 Civ 8916 (PGG) (DF), 2021 U.S. Dist. LEXIS 207588 at *4 (S.D.N.Y. Oct. 27, 2021) (quoting *Ortiz v. United States*, No. 01 Civ. 4665 (AKH), 2002 U.S. Dist. LEXIS 12621 at *2 (S.D.N.Y. Jul. 11, 2002)). While the Court reminded plaintiff to continue to update his address at the initiation of his lawsuit, plaintiff failed to updated his address since being released on December 7, 2021. ECF No. 6. Plaintiff has not communicated with the Court or plaintiff's counsel since his last change of address on September 23, 2021. Because of this, defendants have no means of communicating with plaintiff. Indeed, defendants sent their 33.2 responses the address on the Civil Docket Sheet though it seems plaintiff is no longer incarcerated. As plaintiff has an obligation to update the Court as to his current address, the Court should warn plaintiff that this action can be dismissed for his failure to prosecute.

Therefore, defendants respectfully request that the Court compel plaintiff to provide executed medical releases, warn plaintiff that his case could be dismissed for failure to prosecute, and order plaintiff to indicate an intention to litigate this case by January 14, 2022.

Thank you for your consideration herein.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation

cc: Daniel Garcia
Book & Case No. 895-210-0199
George R. Vierno Center
New York City Department of Corrections
09-09 Hazen Street
East Elmhurst, New York 11370

---

[1] According to the New York State Unified Court System WebCriminal Database, plaintiff is scheduled for a court appearance on January 7, 2022 in New York Supreme Court - Criminal Term Part 51 before Judge Newbauer. *People v. Daniel J. Garcia*, 01317-CR-2020, New York Supreme Court - Criminal Term.

## DECLARATION OF SERVICE BY MAIL

I, Mary K. Sherwood, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on December 28, 2021. I served the annexed LETTER upon the following individual by causing a copy of same, enclosed in a first class postpaid properly addressed wrapper, to be deposited in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to Plaintiff at the address set forth below, being the address designated by Plaintiff for that purpose:

Daniel Garcia
Book & Case No. 895-210-0199
George R. Vierno Center (GRVC)
New York City Department of Corrections
09-09 Hazen Street
East Elmhurst, New York  11370

Dated: New York, New York
       December 28, 2021

By: *Mary K. Sherwood*
Mary K. Sherwood
Assistant Corporation Counsel
Special Federal Litigation Division

---

Application GRANTED IN PART. **No later than February 8, 2022**, plaintiff shall provide defendants with executed copies of the medical releases served on him on September 13, October 6, and November 30, 2021. If he has misplaced those releases, it is his obligation to contact the Assistant Corporation Counsel, Ms. Sherwood, and arrange to obtain new copies. Plaintiff is reminded that failure to prosecute this action may lead to dismissal pursuant to Fed. R. Civ. P. 41.

The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff. SO ORDERED.

Barbara Moses
United States Magistrate Judge
January 18, 2022