

**GEORGIA M. P**[ESTANA]
*Corporation Cou*[nsel]



T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**MARY K. SHERWOOD**
*Assistant Corporation Counsel*
msherwoo@law.nyc.gov
Phone: (212) 356-2425
Fax:  (212) 356-1148

February 23, 2022

**By ECF**
Honorable Barbara C. Moses
United States District Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re:   Daniel Garcia v. C.O. Thomas, et. al.,
        No. 21 Civ. 636 (GBD) (BCM)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for defendants Correction Officer Thomas, Correction Officer Joseph, Captain Guerra, and Assistant Ward Deputy Blatz (collectively, the "Defendants") in the above-referenced matter. Defendants respectfully request that plaintiff be compelled to execute and return certain medical releases to Defendants by March 4, 2022. In addition, Defendants respectfully request an extension of time, from March 1, 2022 until 120 days after plaintiff provides the required release, to complete fact discovery in this matter.

      By way of background, Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983 on January 21, 2021. (Dkt. No. 1). Defendants answered the complaint on July 26, 2021. (Dkt. No. 24). In the complaint, plaintiff alleges that on December 27, 2020, he attempted to hang himself because he "felt alone and needed . . . to express [himself]." (Dkt. No. 1). Plaintiff claims that the Defendants failed to protect him and provide him medical care, violated his First Amendment right to free speech, and caused him mental anguish. (Dkt. No. 1). The Court ordered fact discovery to be completed by March 1, 2022. (Dkt. Nos. 25, 33).

      This Office sent Plaintiff three medical release forms on September 13, 2021, October 6, 2021, and November 30, 2021. Thereafter, on January 18, 2022, this Court ordered that:

> No later than February 8, 2022, plaintiff shall provide defendants with *executed copies of the medical releases served on him* on September 13, October 6, and November 30, 2021. If he has misplaced those releases, it is his obligation to contact the Assistant Corporation Counsel, Ms. Sherwood, and arrange to obtain new copies. Plaintiff is reminded that failure to prosecute this action may lead to dismissal pursuant to Fed. R. Civ. P. 41.

(Dkt. No. 38) (emphasis added).

On January 26, 2022, this Office, for a *fourth* time, sent Plaintiff additional medical releases in an attempt to resolve this issue. Despite these efforts, on February 16, 2022, the undersigned received a document from Plaintiff titled "HIPAA Authorization for Use or Disclosure of Health Information," which was neither remotely similar to the document sent to Plaintiff nor notarized. Nevertheless, this Office sent another medical release form on February 18, 2022. To date, plaintiff has failed to comply with Your Honor's January 18, 2022 order and has not provided Defendants with proper and complete HIPAA-compliant medical releases.[1]

As stated in our previous letters, Plaintiff's failure to participate in this matter has thwarted discovery. (See Dkt. Nos. 35, 36). As of the filing of this letter, it has taken nearly six months, and almost the entire period of time allocated for discovery, to get a single release from Plaintiff which, as of today, has still not been accomplished. Indeed, because Plaintiff claims he was denied medical care before and after his suicide attempt, those medical records are at the very core of this case, and Defendants cannot move forward in discovery without them. This Office has not been able to even begin the process of retrieving Plaintiff's medical records. In fact, plaintiff's failure to provide a medical release for access to his medical records has made it impossible to comply with this deadline.

Therefore, Defendants respectfully request that the Court order Plaintiff to execute and return the medical releases, specifically the ones that have been provided to him five times, by a date certain and extend fact discovery and any deposition of fact witnesses until 120 days after Plaintiff provides the required release.

Thank you for your consideration herein.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation

cc:   VIA FIRST CLASS MAIL
      Daniel Garcia
      Book & Case No. 895-210-0199
      George R. Vierno Center
      New York City Department of Correction
      09-09 Hazen Street
      East Elmhurst, New York 11370

---

[1] On February 22, 2022, Plaintiff called the undersigned stating that he knew he has to notarize and provide the medical releases but could not at this time because he just started working and has not been paid yet. The undersigned informed him that free notary services exist and that Defendants would be seeking this Court Order to have him return by March 4, 2022. Plaintiff stated this timeline should be sufficient for him to return the release.

No later than **March 25, 2022**, plaintiff shall sign, have notarized, and return to attorney Sherwood all medical release forms sent to him on January 26, 2022. The Court will conduct a conference on **April 1, 2022, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. ALL PARTIES MUST ATTEND THE CONFERENCE IN PERSON. Please plan to arrive at the courthouse in time to clear security. You must wear a mask while in the courthouse. No later than **March 25, 2022**, defendants shall file a letter on ECF confirming receipt of all executed and notarized medical releases from plaintiff. Alternatively, if the releases remain outstanding, defendants shall submit, for Court review, true and correct copies of (a) each medical release sent to plaintiff (with the dates on which each was sent) and (b) each signed and/or notarized release actually received from plaintiff (with dates on which each was received), and may seek leave to file a motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b). SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
February 25, 2022